# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Elena Dvoinik

Plaintiff

Boris Zavadovsky

Plaintiff

-v-

Elke U. Rolff

Defendant

Dale F. Webner

Defendant

Case _____

# COMPLAINT
# RICO 18 U.S.C. §1962(c), §1962(d)

## COMPLAINT

1. Plaintiffs, Elena Dvoinik and Boris Zavadovsky ("Plaintiffs"), in support of their Complaint against Elke U. Rolff (AKA Stankovic), Dale F. Webner ("Defendants"), hereby state the following:

## NATURE OF LAWSUIT

2. This lawsuit arises due to the racketeering activities of two RICO-actors, Florida attorneys under Bar #265241 and #698636, which unlawfully acted on the U.S. territory serving international RICO Enterprise involved in foreign commerce,

1

committed RICO predicate acts and caused harm to the Plaintiffs, to the Plaintiffs business and Plaintiffs' property.

3. The RICO Enterprise has been operating in the United States for a long period of time, serving foreign principals, corrupt high-ranking members of the Austrian Government, including Sebastian Kurz, the former Austrian Foreign Minister (16 December 2013- 18 December 2017) and former Austrian Chancellor (7 January 2020 – 11 October 2021 ,18 December 2017 – 28 May 2019), who was fired from all official positions due to corruption charges, Karin Kneissl, Austrian former Minister of Foreign Affairs (18 December 2017-3 June 2019) friend of Vladimir Putin, who was appointed after she was fired from Austrian Government by the Russian Government to the Board of Directors of the Russian state gas company Rosneft, , as well as Alexander Schallenberg, former Austrian Chancellor (11 October 2021-06 December 2021) and currant Austrian Minister of Foreign Affairs (06 December 2021-present).

4. RICO Enterprise is informal association-in-fact enterprise and is not a legal entity. Austrian governmental and instrumental agencies, including Austrian Ministry of Foreign Affairs, it's embassies and consulates, the American BAR Association are not members of RICO Enterprise. These entities are being used by RICO Enterprise and its members as a cover, source of information, transportation, material and technical support for achievement of RICO purposes. RICO Enterprise main purposes – whitewashing of money, stolen from Austrian budget and received as a result of corruption and other criminal activities, as well as managing, administrating, financing the Austrian foreign agents' unlawful activities on the U.S. territory and unjust enrichment of RICO Enterprise and its members.

2

5. Common pattern of racketeering activities of RICO Enterprise:

   Laundering of money, stolen from Austrian budget.

   Laundering of money, received as result of corruption and other criminal activities in Austria and other countries.

   Managing, administrating and financing of foreign agents' unlawful activities (in violation of FARA provisions) on the U.S. territory.

6. The Enterprise is engaged in the foreign commerce and money laundering scheme. RICO members carries out its activities in Austria, U.S.A. and other countries through a network of bogus firms and shell corporations, registered in various jurisdictions.

7. Criminal activities of RICO Enterprise under 18 U.S.C. § 1956, 1957, 1960 are masked under "legal services", "PR services", "consulting services", "purchasing of bitcoins and electronic art" and other fictitious purchasing and services.

8. To achieve its goals, the RICO Enterprise uses the institution of so-called "TRUSTED LAWYERS OF AUSTRIAN DIPLOMATIC MISSIONS IN USA"("Trasted lawyers").

9. Austrian Ministry of Foreign Affairs, it's embassies and consulates, including Austrian General Consulate in New York, are advertising on their websites so-called Trusted lawyers in USA as legal counsels in USA. These are 5 persons:

   - Daniel SCHWARZL (Licensed under New York BAR, licensed in Austria), main office in Vienna, Austria, law firm brunch in Los Angeles, CA with principal office by registered agent.

3

- Dennis FREDRICKS (Licensed under California BAR, licensed in Germany), main office in Munster, Germany.
- Dr. Stephen M. HARNIK (Licensed under New York BAR), main office in Manhattan NY.
- Florian HAUSWIESNER (Licensed under Virginia BAR, licensed in Germany).
- Elke Rolff (Licensed under Florida BAR, licensed in Switzerland) .

10. According to Austrian Ministry of Foreign Affairs, it's embassies and consulates, including Austrian General Consulate in New York, only these 5 persons EXCLUSIVELLY recommended Austrian citizens/entities governmental agencies as U.S. lawyers, liaison officers, attorneys at law, counsels, legal advisers, PR consultants who are allegedly entitled to provide all types of legal services in all U.S. States and Washington D.C.

11. According to the information of Austrian Diplomatic Mission, so-called Trusted lawyers provide on the U.S. territory full spectrum of services, which are subject to mandatory registration with the Attorney General, as it stated in FARA ACT 22 U.S.C. § 611-621.

12. None of the listed persons has ever been registered with the Attorney General and FARA Unit.

13. Four lawyers (except Defendant Ms. Rolff) openly disclose the information on their websites that they are acted and usually act in the United States as foreign agents of the Austrian Government and Austrian principals. Being licensed in Florida Ms. Rolff does not provide any legal services anywhere in the United Stats. She is not involved in litigations, her law firm has no employees, he firm does not have an office and

4

registered in a one-bedroom one-family house in Miami Beach. The **rolflaw.com** website is inactive, the phone numbers listed on the Austrian Diplomatic Mission webpages are not responding.

14. Ms. Rolff provides her bank accounts, the bank accounts of her law firm, and the bank accounts of numerous affiliated shell companies to launder funds stolen from the Austrian budget and obtained as a result of corruption and other criminal activities. Funds are being transferred originally from European bank accounts direct into her accounts or through a network of offshore companies with the purpose of payment "for legal services" or other fictitious purpose. Ms. Rolff also is responsible for the transferring of RICO Enterprise's founds for covering of Enterprises costs for serving its commercial and other interests in the United States. Ms. Rolff acts intentionally as a foreign agent of different Austrian and other foreign principals. She serves foreign principals herself and hired other persons and entities in the U.S. and other countries on behalf of foreign principals and has been violating FARA legislation for many years, and has never been registered with the Attorney General as a foreign agent.

15. As a direct and proximate result of the Defendants' racketeering activities damages were caused to the Plaintiffs, their property ant their business.

16. In the present case both Defendants participated directly and/or indirectly in the conduct of the affairs of Enterprise through pattern of racketeering activities. Each of Defendants committed at least two distinct predicate acts related to each other and to RICO Enterprise.

17. All Defendants' predicate acts have similar participants, victims and methods.

PLAINTIFFS

5

18. <u>Plaintiff Elena Dvoinik</u> is an individual and a resident of State of Florida. Ms. Dvoinik is a target of Defendant's activities. 4949 Marbrisa Dr, 1505 Tampa, Florida 33624

19. <u>Plaintiff Boris Zavadovsky</u> is an individual and a resident of State of Florida. Mr. Zavadovsky is a target of Defendant's activities. 4949 Marbrisa Dr, 1505 Tampa, Florida 33624

## DEFENDANTS

20. <u>Defendant Elke U. Rolff (Stankovic)</u> is an individual, the Florida attorney under Bar #698636 and partner of Ralff Law P.A. and a resident of State of Florida. 8818 Harding Ave, Miami Beach, Florida 33154. Ms. Rolff is the "trusted lawyer of the Republic of Austria in US" and serves the RoA, their embassies and instrumental agencies in USA for years.

21. <u>Defendant Dale F. Webner</u> is an individual, Florida attorney under Bar #265241, CEO and partner of Miller&Webner Law P.A. and a resident of State of Florida. 2442 Poinciana Court, Weston, Florida 33327

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the subject matter and all parties to this action under 28 U.S.C. §§ 1331 and 1345, and also under 18 U.S.C. § 1964(c).

23. RICO Enterprise carries on commercial activities in New York State. RICO member Dr. Stephen M. HARNIK has a business office in Manhattan.

24. To prove the personal jurisdiction under RICO provisions, plaintiffs must establish personal jurisdiction over at least one RICO defendant before a court can exercise personal jurisdiction over nonresident RICO defendants. *Oblio Telecom, Inc. v. Patel, 711 F. Supp. 2d 668, 675 (N.D. Tex. 2008); Rolls-Royce Corp., 576 F. Supp. 2d at 779-80.*

25. Since there are 2 Defendants in this case, Plaintiffs must establish that at least one of them had sufficient minimum contacts with New York for the Court to exercise jurisdiction over him/her under RICO. *See Caldwell, 811 F.2d at 918.*

26. In this case at least Defendant Rolff have minimum contacts with New York, since she does business in New York City and advertises her legal services on the official website of the Consulate General of the Republic of Austria in New York CITY, Manhattan.

## FACTUAL ALLEGATIONS

27. In May 2022, Plaintiffs Elena Dvoinik and Boris Zavadovsky filed the RICO Complaint against private individuals, citizens of Austria Peter Philipp, Gunda Ebhart, Susanne Höflinger, Thomas Höflinger, Mario Rabl [Related Case 8:22-cv-01127-TPB-CPT], who were accused of theft of Boris's Zavadovsky (who worked under the contract with U.S. Army for 35 years in Germany, Landstuhl) documents and electronically stored information, containing US classified information, extortion, tampering with the victims.

28. In July 2022 lawsuit was filed against the Republic of Austria for torture and illegal expropriation in violation of international law [Related Case 8:22-cv-01700-CEH-FCS].

29. RICO Enterprise through it's members, affiliated with/or being employees of Austrian Ministry of Foreign Affairs, which was served in August 2022 by Elena Dvoinik and Boris Zavadovsky with process pending in the Middle District Court of Florida case against Republic of Austria; as well as pending in the same Court related case against

7

private persons, Austrian citizens, decided to take advantage of the situation and developed a plan to embezzle funds from the Austrian budget and to commit whitewashing the money in the U.S.A.

30. The Austrian Ministry of Foreign Affairs or it's embassies does not have an authority to represent the interests of the country in both domestic and international litigations and Courts, and don't have an authority to hire Austrian or foreign lawyers to participate in such processes. These authority from the 13th century belong in the Republic of Austria to the exclusive competence of a special AUSTRIAN GOVERNMENTAL INSTRUMENTAL AGENCY, the FINANZPROKURATUR. Without the written consent of this instrumental agency, no other authority has the right to hire foreign or Austrian lawyers and pay for their services from the Austrian budget. It is the Austrian law.

31. The Republic of Austria does not pay for the legal services of individuals. Financing of any legal services and costs in civil/criminal/others proceedings for individuals/entities/officials from the state budget is a crime. It is the Austrian law.

32. However, RICO Enterprise managed coordinating budgetary funding for the Austrian Ministry of Foreign Affairs and its embassy in the United States for legal and consulting services to conduct "complex litigation-processes in the United States allegedly in the interests of Austria".

33. Austrian John Dou, RICO-member contacted the Defendant Elke Rolff in Miami, and managed transferring of hundreds thousands dollars at her and her bogus law firm's bank accounts with a payments' purpose as it stated above.

8

34. The funds transferred to the Defendant Rolff for the intervention in the US litigation process were stolen from the Austrian budget, as it is well known to Ms. Rolff.

35. Defendant Rolff refused to register with the Attorney General in the accordance with FARA provisions.

36. Austrian John Dou conveyed to Defendant Rolff the request of the RICO Enterprise: to manage the kickbacks to RICO Enterprise, to recruit co-actors, licensed attorneys in U.S.A. in order to imitate as much legal activity as possible (for a report to the Austrian Court of Audit, which checks the expenditure of budgetary funds) and also to intervene in the civil processes of the Plaintiffs, to intimidate the Plaintiffs, to deceive the Plaintiffs, to induce the Plaintiffs to withdraw all their claims without receiving any compensation.

37. She hired the Defendant Webner, paid him and conveyed him to intimidate the Plaintiffs and to intervene into all related law suits, serving the interests RICO Enterprice.

38. The Defendant Webner agreed to act as RICO co-actor and agent of Elke Rolff, so-called trusted counsel of the Republic of Austria in US, and as a foreign agent of The Republic of Austria (RoA) itself, Austrian John Dou, Austrian RICO Enterprise, Peter Philipp, Gunda Ebhart, Susanne Höflinger, Thomas Höflinger, Mario Rabl. Defendant Webner is aware that the funds that paid for his services were stolen from the Austrian budget.

39. Defendant Webner refused to register with Attorney General in accordance with FARA provisions.

9

40. The Defendant Webner on 08/15/2022 contacted Plaintiffs and introduced himself as an retained attorney of the Austrian lawyer Peter Philipp. The Defendant Webner closely communicated with the Plaintiffs for more than two months and at the same time denied the fact that he was a foreign agent of the Republic of Austria (RoA) et al.

41. He systematically intimidated the Plaintiffs, provided with knowingly false information, threatened the reprisal of Austria and the malicious criminal prosecution of Plaintiffs in Austria. He tried to encourage the Plaintiffs to withdraw their claims against Philipp because "Austria will never enforce the US Court decision".[1] Mr. Webner also threated Plaintiffs that "Austria will deal with them "on its own way" through Austrian special services and its special channels in the USA" if they will not withdraw all claims".

42. Later on he introduced himself as an attorney of the "Austrian counsel Ms. Rolff", and later, in the Middle of October, as an attorney of the Republic of Austria and communicated with the Plaintiffs exclusively "on the behalf of the Republic of Austria".

43. During the conference per ZOOM on October,3 2022 Defendant Webner humiliated the Plaintiffs, telling them that the Plaintiffs are brazen scammers and are not who they say they are. The Republic of Austria pays and will pay for all US lawsuits brought by Plaintiffs against any Austrian citizens/entities or governmental agencies.

---

[1] According to Austrian law, decisions of foreign courts are enforceable on the same basis as decisions of domestic courts.

Austria's budget is unlimited and it will trample the Plaintiffs. He Webner, will file any complaints and drag out the processes as much as possible.

44. The Plaintiffs were forced to continue contacting Mr. Webner, as he is appointed as a lead attorney of record in Plaintiffs' law suits.

45. He received from Plaintiffs and transmitted to all his foreign principals' and to Defendant Elke Rolff e-mails listed below, containing thousands MB of ESI personal information, evidence, documents related to private civil lawsuits of Plaintiffs:

Mon, Aug 15, 2022 at 9:55 PM
Tue, Aug 16, 2022 at 9:06 AM
Sun, Aug 28, 2022 at 4:08 PM
Mon, Aug 29, 2022 at 10:02 AM
Thu, Sep 8, 2022 at 2:15 PM
Thu, Sep 8, 2022 at 2:21 PM
Thu, Sep 8, 2022 at 2:24 PM
Thu, Sep 8, 2022 at 2:39 PM
Thu, Sep 8, 2022 at 2:40 PM
Thu, Sep 8, 2022 at 2:43 PM
Thu, Sep 8, 2022 at 2:46 PM
Thu, Sep 8, 2022 at 2:48 PM
Thu, Sep 8, 2022 at 2:50 PM
Thu, Sep 8, 2022 at 2:51 PM
Thu, Sep 8, 2022 at 2:53 PM
Thu, Sep 8, 2022 at 2:55 PM
Thu, Sep 8, 2022 at 3:00 PM
Wed, Sep 14, 2022 at 10:41 AM
Wed, Sep 14, 2022 at 11:12 AM
Thu, Sep 15, 2022 at 6:17 PM
Wed, Sep 28, 2022 at 8:49 AM
Wed, Sep 28, 2022 at 9:14 AM
Wed, Sep 28, 2022 at 10:01 AM
Thu, Sep 29, 2022 at 2:36 PM
Sun, Oct 2, 2022 at 12:24 PM
Tue, Oct 4, 2022 at 6:28 PM
Wed, Oct 5, 2022 at 11:32 AM
Wed, Oct 5, 2022 at 12:40 PM
Wed, Oct 5, 2022 at 1:06 PM
Wed, Oct 12, 2022 at 10:36 AM
Wed, Oct 12, 2022 at 11:40 AM
Thu, Oct 13, 2022 at 2:33 PM
Fri, Oct 28, 2022 at 5:04 PM
Sat, Oct 29, 2022 at 1:53 PM
Mon, Nov 7, 2022 at 9:49 AM
Wed, Nov 9, 2022 at 12:57 PM
Thu, Nov 17, 2022 at 7:49 PM
Tue, Nov 22, 2022 at 10:11 AM
Thu, Dec 1, 2022 at 3:27 PM
Tue, Dec 6, 2022 at 9:45 AM
Mon, Dec 5, 2022 at 9:11 AM
Tue, Dec 6, 2022 at 1:52 PM

Thu, Dec 22, 2022 at 10:34 AM
Tue, Dec 27, 2022 at 9:45 AM
Tue, Jan 3 at 2:50 PM
Wed, Jan 4 at 1:57 PM
Mon, Jan 9 at 12:00 PM
Thu, Jan 19 at 11:54 AM
Thu, Jan 19 at 12:43 PM
Mon, Jan 23 at 5:54 PM
Thu, Jan 26 at 11:17 AM
Thu, Jan 26 at 11:52 AM
Thu, Jan 26 at 5:52 PM
Mon, Jan 30 at 1:18 PM
Mon, Jan 30 at 2:09 PM
Wed, Feb 15 at 10:29 PM
Fri, Feb 17 at 4:37 PM
Tue, Feb 21 at 9:34 PM
Wed, Feb 22 at 2:50 PM
Wed, Feb 22 at 9:37 PM
Thu, Feb 23 at 9:59 AM
Sun, Feb 26 at 11:58 AM
Sun, Feb 26 at 12:57 PM
Mon, Feb 27 at 8:40 PM
Wed, Mar 1 at 11:02 AM
Tue, Feb 28 at 10:39 PM
Fri, Mar 3 at 1:08 PM
Mon, Mar 6 at 1:58 PM
Tue, Mar 14 at 7:39 PM

46. He also transmitted to the Defendant Elke Rolff e-mails listed below, containing classified Plaintiffs' information concerning their processes 8:22-cv-01127-TPB-CPT, 1:22-cv-24226-JEM, 8:22-cv-01700-CEH-SPF . She received these e-mails from Defendant Webner and transmitted them to her foreign principals:

Mon, Aug 15, 2022 at 4:26 PM
Tue, Aug 16, 2022 at 8:07 AM
Sun, Aug 28, 2022 at 1:56 PM
Mon, Aug 29, 2022 at 9:47 AM
Wed, Aug 31, 2022 at 3:04 PM
Tue, Sep 13, 2022 at 3:21 PM
Wed, Sep 14, 2022 at 10:49 AM
Wed, Sep 14, 2022 at 2:48 PM
Thu, Sep 15, 2022 at 5:55 PM
Thu, Sep 15, 2022 at 6:26 PM
Wed, Sep 28, 2022 at 8:35 AM
Sun, Oct 2, 2022 at 12:51 PM
Mon, Oct 3, 2022 at 8:47 AM
Tue, Oct 4, 2022 at 10:43 AM
Wed, Oct 5, 2022 at 9:46 AM
Wed, Oct 5, 2022 at 11:53 AM
Wed, Oct 5, 2022 at 12:09 PM
Wed, Oct 5, 2022 at 12:49 PM
Wed, Oct 5, 2022 at 2:41 PM
Wed, Oct 12, 2022 at 10:12 AM
Wed, Oct 12, 2022 at 11:00 AM
Thu, Oct 13, 2022 at 1:06 PM
Thu, Oct 13, 2022 at 2:36 PM

Tue, Oct 18, 2022 at 6:23 PM
Thu, Oct 27, 2022 at 10:13 AM
Thu, Oct 27, 2022 at 11:03 AM
Fri, Oct 28, 2022 at 4:24 PM
Sat, Oct 29, 2022 at 12:52 PM
Mon, Nov 7, 2022 at 10:02 AM
Wed, Nov 9, 2022 at 11:29 AM
Thu, Nov 17, 2022 at 2:41 PM
Thu, Nov 17, 2022 at 8:17 PM
Mon, Nov 21, 2022 at 7:27 PM
Wed, Nov 23, 2022 at 9:51 AM
Tue, Nov 29, 2022 at 9:13 AM
Mon, Dec 5, 2022 at 9:52 AM
Mon, Dec 5, 2022 at 12:00 PM
Mon, Dec 5, 2022 at 12:03 PM
Tue, Dec 6, 2022 at 9:19 AM
Tue, Dec 6, 2022 at 10:32 AM
Tue, Dec 6, 2022 at 1:49 PM
Wed, Dec 7, 2022 at 7:56 PM
Thu, Dec 22, 2022 at 7:57 AM
Tue, Feb 7 at 2:36 PM
Fri, Feb 17 at 4:05 PM
Tue, Feb 21 at 6:07 PM
Tue, Feb 21 at 10:15 PM
Tue, Feb 21 at 10:22 PM
Tue, Feb 28 at 6:37 PM
Wed, Mar 1 at 10:38 AM
Wed, Mar 1 at 3:39 PM
Wed, Mar 1 at 5:14 PM
Tue, Mar 14 at 5:57 PM
Tue, Mar 14 at 7:53 PM
Wed, Mar 15 at 12:30 PM
Thu, Mar 16 at 3:41 PM
Mon, Mar 20 at 1:41 PM
Wed, Mar 22 at 10:03 AM

47. On 11/22/2022 a videoconference was held via zoom, in which Mr. Webner, Ms. Rolf, Ms. Dvoinik, Mr. Zavadovsky took part.

48. The Defendant Rolff introduced herself as a "Representative of the Republic of Austria and it's Government in the United States". According to Ms. Rolff, she serves the Republic of Austria in different affairs and matters on the permanent basis for a long period of time. According to Ms. Rolff, she was authorized to settle with the Plaintiffs in both cases.

49. During the Conference Plaintiffs informed Ms. Rolff and Mr. Webner:

13

The Republic of Austria continues to unlawfully withheld Plaintiffs Austrian tax return declarations 2016-2020 and documents (bills, receipts etc) as well as all Plaintiffs' medical records from birth. Omission to return these documents continues to cause harm to Plaintiffs.

50. If these documents are not promptly returned to the Plaintiffs, the Plaintiffs will not be able to report to the German IRS on tax audit and they will be assessed additional taxes, which will lead to the complete ruin of the Plaintiffs. Also, without their medical documents, they will not be able to keep the contingency and proper follow up of their medical condition.

51. Ms. Rolff promised to report it immediately to her foreign principal "Austrian Government and Austrian Ministry of Justice" and to resolve this problem, if the Plaintiffs will provide evidence to her or to Mr. Webner.

52. Plaintiffs transmitted all evidence to Defendant Webner, as it was agreed.

53. There was no response from the Defendants. From December to the end of February, the Defendants did not respond to the plaintiffs' emails.

54. On February 23, 2023 Plaintiffs informed the both of Defendants:

55. Due to Plaintiffs failure (Austrian retention of all Plaintiffs' documents) to provide Documents for finance audit to German IRS, the Plaintiffs were additionally assessed taxes for 2017-2022.

56. As a result: German IRS have put a lean on Zavadovsky's pension, the main current Plaintiffs source of income. Plaintiffs are not able to pay for housing. The health of the Plaintiffs, especially Boris Zavadovsky, who is 71 years old, has deteriorated significantly.

57. Defendant Rolff ignored all the plaintiffs' messages and correspondence and had no further contact with the Plaintiffs.

58. Defendant Webner informed the Plaintiffs that Defendant Rolff had nothing to do with the plaintiffs' cases and is "merely a translator from the German language."

59. According to Webner: he would drag out all lawsuits as much as possible in order to achieve the complete ruin of the Plaintiffs., Defendant Webner and his Austrian clients do not care at all about the Plaintiffs problems in Germany, since the Plaintiffs are criminals, complainers and litigant, and must pay for their reckless behavior, therefore deserve the arrest of the pension.

60. . Defendant Rolff misled the Plaintiffs and deceived the Plaintiffs, using the fact that the Plaintiffs did not know whose interests she represents who pays for her services, and what powers of attorney she actually possesses.

61. Later on, the Plaintiffs found out that neither the Defendant Webner nor the Defendant Rolff have a power of attorney to represent the interests of the Republic of Austria in Court (domestic or foreign), as it is required by the Austrian law.

62. The Defendants refused to produce written powers of attorney from their Austrian principals, financial documents confirming the sources of funding for their activities and any other proof of the legality of their activities pertaining their Austrian principals and Plaintiffs.

63. The Defendant Webner refused to produce any power of attorney from his foreign principal, which he represented as a lead counsel of record in civil cases: 8:22-cv-01127-TPB-CPT, 1:22-cv-24226-JEM, 8:22-cv-01700-CEH-SPF. He refused to produce the attorney agreements and bills.

64. As a result of Defendants activities Plaintiffs suffered harm to their business and property.

65. Due to the fault of the Defendants, the Plaintiffs did not enter into negotiations with the authorized Austrian authorities in a timely manner. Austria did not return to them the documents required to submit documents for tax audit in the German IRS in a timely manner. The deadline for submitting documents has expired, the German IRS assessed additional taxes to the Plaintiffs and imposed fines on the Plaintiffs. Boris Zavadovsky's pension was arrested, the Plaintiffs were forced to pay rent and food with credit cards and getting into debts.

66. Due to the fault of the Defendants, the Plaintiffs did not enter into negotiations with the authorized Austrian authorities pertaining Plaintiffs medical records, which Austria continues to withhold, depriving the Plaintiffs of the opportunity to receive follow up medical care and treatments.

67. Due to the fault of the Defendants, the Plaintiffs did not enter into negotiations with the authorized Austrian authorities pertaining Plaintiffs' business documents and education certificates (US certificates ECFMG, FLEX Boris Zavadovsky), German medical license of Boris Zavadovsky. which Austria continues to illegally withhold. Plaintiffs continue to be forcibly deprived of the opportunity to work in their profession. Plaintiffs were not able to pay their loan and received two complaints from the banks.

68. Due to Defendant Webner's reckless behavior (intimidations instead of a good-faith conference, disruption of negotiations), Plaintiffs' lawsuits (mentioned above) are being dragged out and causing additional costs to Plaintiffs.

## LEGAL ALLEGATIONS

## DEFENDANT ELKE ROLFF

69. Plaintiffs reallege and incorporate herein by reference the forgoing paragraphs of this Complaint, as if set forth in full. The Defendant Rolff is associated with RICO Enterprise, it was known to her, that the alleged enterprise's activities were relate to racketeering activities. She has willfully agreed to participate in the conduct of the affairs of the RICO Enterprise and to conspire with Defendant Dale Webner.

70. She participated in the conduct of the enterprise's affairs through a pattern of racketeering activity:

### Predicate act :18 U.S. Code § 1956 (a)(1)(B) (i)- Laundering of monetary instruments .

71. Plaintiffs reallege and incorporate herein by reference the forgoing paragraphs of this Complaint, as if set forth in full.

72. The Defendant Rolff, knowing that the property, involved in a financial transaction represents the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involves the proceeds of specified unlawful activity (FCPA, FARA violation) with the intent to promote the carrying on of specified unlawful activity (FARA violation, 18 U.S.C. §1512 violation) ; and knowing that the transaction is designed in whole or in part - to conceal or disguise the nature, the location, the source, the ownership.

73. She committed this predicate act many times from 15/08/2022 until present.

### Pridicate act: 18 U.S. Code § 1512 (b) (1)(2) in connection with §1961(1).

74. Plaintiffs reallege and incorporate herein by reference the forgoing paragraphs of this Complaint, as if set forth in full.

75. Defendant Rolff indicted the Defendant to commit the multiple criminal acts as it stated in section 82 of this Complaint.

76. Defendant otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, as it stated in sections 48-72 of this Complaint.

## DEFENDANT DALE WEBNER

77. Plaintiffs reallege and incorporate herein by reference the forgoing paragraphs of this Complaint, as if set forth in full. The Defendant Webner is associated with RICO Enterprise, it was known to him, that the alleged enterprise's activities were relate to racketeering activities. He has willfully agreed to participate in the conduct of the affairs of the RICO Enterprise and to conspire with Defendant Elke Rolff.

78. He participated in the conduct of the enterprise's affairs through a pattern of racketeering activity:

## Count I. 18 U.S. Code § 1956 (a)(1)(B) (i)- Laundering of monetary instruments

79. Plaintiffs reallege and incorporate herein by reference the forgoing paragraphs of this Complaint, as if set forth in full.

80. The Defendant Webner, knowing that the property, involved in a financial transaction represents the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involves the proceeds of specified unlawful activity (FCPA, FARA violation) with the intent to promote the carrying on of specified unlawful activity (FARA violation, 18 U.S.C. §1512) ; and knowing that the transaction is designed in whole or in part - to conceal or disguise the nature, the location, the source, the ownership.

81. The Defendant committed this predicate act from 08/15/2022 until present many times.

## Count II 18 U.S. Code § 1512 (b) (1)(2) (c) in connection with §1961(1).

82. Plaintiffs reallege and incorporate herein by reference the forgoing paragraphs 40-46 of this Complaint, as if set forth in full.

83. Defendant Webner DIRECT

On August 16, 2022 via cell phone

On Oktober 3, 2022 via Zoom

On November 21, 2022 via Zoom

On May 12, 2023 via Zoom

And INDIRECT **many times** via email;

knowingly uses intimidation, threatens with intent to influence Plaintiffs' testimony and to induce Plaintiffs withdraw all complaints;

84. Defendant otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, as it stated in sections 48-72 of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, for violation Plaintiffs respectfully pray:

i. For general damages according to proof at trial, not less than $350 000, trebled according to statute, 18 U.S.C. §§1964(c),(d) from both Defendants jointly and severely;

ii. For punitive damages.

19

iii. For Plaintiffs reasonable attorneys' fees and costs.

## JURY DEMAND

Elena Dvoinik and Boris Zavadovsky hereby demand a jury trial of all issues in this action liable as right of a jury.

Dated May 16, 2023

By *ELENA DVOINIK*

Elena Dvoinik

By *BORIS ZAVADOVSKY*

Boris Zavadovsky

4949 Marbrisa Dr 1505

Tampa Fl USA 33624

+1(646) 287-94-81

elena.dvoinik@yahoo.com