UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELENA DVOINIK; BORIS ZAVADOVSKY,<br><br>Plaintiffs,<br><br>-against-<br><br>ELKE U. ROLFF; DALE F. WEBNER,<br><br>Defendants. | 23-CV-4216 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who reside in Florida and are proceeding *pro se*, have already brought four suits in Florida arising from a search of their property in Austria due to criminal proceedings against them in Austria. They bring this action against two Florida attorneys involved in the Florida litigation, asserting claims against them under the Racketeer Influenced and Corrupt Organization (RICO) Act.

Plaintiffs have already sued the Republic of Austria,[1] and individual Austrian police officers and other officials.[2] Plaintiffs also previously sued the named defendants in this action, Florida attorneys Elke Rolff and Dale Webner. *See Dvoinik et al. v. Rolff,* No. 8:23-CV-00623, 26 (M.D. Fl. May 5, 2023) (granting defendants' motion to dismiss claims brought under the

---

[1] *Dvoinik et al. v. Republic of Austria,* No. 8:22-CV-1700 (M.D. Fl.) (pending motion regarding service of process).

[2] *Dvoinik et al. v. Philipp,* No. 8:22-CV-1127 (M.D. Fl. Mar. 15, 2023) (order noting that "the alleged scheme began with and arose out of an allegedly illegal search and seizure by Austrian police of items in Plaintiffs' house in Austria pursuant to a warrant issued by an Austrian court"; that "the legality of Defendants' search and seizure of their property has been affirmed by the Austrian courts at multiple levels"; and dismissing all claims based on the act of state doctrine, with leave to replead); *Dvoinik et al v. Rabl*, No. 1:22-CV-24226 (S.D. Fl.) (pending suit against two Austrian police officers).

Foreign Agents Registration Act (FARA), for failure to state a claim because there is no private right of action under FARA).

For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiffs bring their claims under the RICO Act, which includes a venue provision. The venue provision provides that claims under the RICO Act "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where defendants reside or transact their affairs. Plaintiffs allege that each of the two defendants in this action resides in Florida and is a member of the Florida bar. Defendant Rolff allegedly resides in Miami-Dade County (ECF 1 at 6, ¶ 20), and Defendant Webner resides in Broward County (*id.* at ¶ 21), which are both in the Southern District of Florida. 28 U.S.C. § 89(c).

Plaintiffs contend that venue is proper in this district because non-party Stephen Harnik, who is alleged to be involved in the RICO conspiracy, "has a business office in Manhattan." (ECF 1 at ¶ 23.) Plaintiffs further allege that Defendant Rolff conducts unspecified business in

New York City and "advertises her services on the website of the Consulate General of the Republic of Austria in New York City." (*Id.* at ¶ 26.) The term "transacts his affairs" in the RICO Act's venue provision "was drawn from section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22, and has been interpreted to require that a defendant regularly transacts business of a substantial and continuous character within that district." *218 Operating Corp. v. K/K Enterprises*, No. 89-CV-4987 (LLS), 1990 WL 115616, at *2 (S.D.N.Y. Aug. 8, 1990) (finding that defendants did not transact business within the meaning of Section 1965(a) where they did "not have an office or any agents in this district"; their telephone, facsimile and mail communications did "not constitute regularly conducting business of a substantial and continuous character"; and plaintiff had not alleged that defendants had engaged in any transactions other than the alleged inchoate RICO transaction). Here, Plaintiffs' allegations appear insufficient to establish that venue under Section 1965(a) is proper in this district.

Even where venue is proper in the district in which the case was brought, however, the district court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Venue under Section 1965(a) is proper in the Southern District of Florida, which is the district in which both defendants are alleged to reside. Under Section 1404(a), transfer appears to be appropriate in this case. All parties are located in Florida and the underlying events occurred there.[3] There is also related litigation pending in that district. Plaintiffs' choice of forum is entitled to less deference because they do not reside in this district and the claims did not arise here. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1404(a). *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").[4]

## CONCLUSION

The Clerk of Court is directed to transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida.

Plaintiffs have not yet paid the filing fee for this action, and the Court leaves this to the transferee court. No summons shall issue from this Court. This order closes the case in the Southern District of New York.

---

[3] Plaintiffs reside in Tampa, Florida, which is in the Middle District of Florida. 28 U.S.C. § 89(b).

[4] The Court expresses no opinion on the merits of the action, including whether *res judicata* bars Plaintiffs' claims.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 22, 2023
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                           Chief United States District Judge